IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMARCO WATTS,              ) | |
|                             ) | |
|              Plaintiff,     ) | |
|                             ) | |
| vs.                         ) | Case No. 3:15-cv-00778-JPG |
|                             ) | |
| CORRECTIONS OFFICER MONROE, ) | |
|                             ) | |
|              Defendant.     ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Damarco Watts is currently incarcerated at the Pinckneyville Correctional Center in Pinckneyville, Illinois, but was previously incarcerated at the Lincoln Correctional Center in Lincoln, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Watts has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that a corrections officer employed at the Menard Correctional Center attacked him while the officer was on a transport assignment to move prisoners from Lincoln to another facility. (*Id.* at 5.) Watts seeks money damages. (*Id.* at 6.)

This matter is now before the Court for a preliminary review of Watts's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

**Background**

On July 30, 2014, Watts was waiting in a transport area at the Lincoln Correctional Center to board a transfer bus bound for the Pinckneyville Correctional Center. (Doc. 1 at 5.) While he was standing in front of the Menard bus talking to another inmate, Officer Monroe – an officer employed at Menard who was seemingly assigned to transport inmates from Lincoln to another facility – purportedly approached Watts, grabbed him by the back of his neck, and forcefully slammed his "face into the front of the bus before dragging [him] by [his] neck to the side of the bus." (*Id.*) While he was being dragged in this fashion, Watts noticed that he could not see out of his right eye and that blood was dripping onto the ground. (*Id.*) He told Monroe that he could not see and required medical attention, and Monroe responded by pouring some water onto a paper towel, tossing it at Watts, and telling him to "make it work." (*Id.*) Watts was then transferred to Pinckneyville, where he received medical treatment for his injuries. (*Id.*)

Due to the assault, Watts says that the blood vessels in his right eye were damaged, that he suffered swelling under and around his right eye, and that he lost some vision in that eye. (*Id.*) He filed grievances about the incident but those were seemingly denied. (*Id.* at 4.) Unsatisfied with officials' response, Watts filed a § 1983 suit on July 20, 2015. (*Id.* at 1.)

**Discussion**

The Court must address one preliminary issue before evaluating the claims in Watts's complaint, namely the issue of venue. Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there

is no district in which the action may otherwise be brought. While the events at issue in this case seem to have occurred primarily at the Lincoln Correctional Center in the Central District of Illinois, it is likely that Officer Monroe – who allegedly works at Menard – resides within the Southern District of Illinois. Accordingly, at this early stage of the case, the Court cannot dismiss or transfer this case on venue grounds. The Court's preliminary ruling on this point does not preclude the Defendant from filing a motion to dismiss or transfer on venue grounds if Watts's allegations are wrong and Monroe does not reside in the Southern District of Illinois, or if there is another basis for transferring or dismissing the case due to venue issues.

With the venue point out of the way, the Court can proceed with screening. Watts's complaint focuses on allegations of excessive force, so the Court will start there (**Count 1**). To put forth an excessive force claim, a prisoner must show that an assault occurred and that it was "carried out maliciously and sadistically, rather than as part of a good-faith effort to maintain or restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010). Critically, not "every malevolent touch by a prison guard gives rise to a federal cause of action" – an inmate who complains of a "'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Id.* (*quoting Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). Here, Watts has alleged that Monroe slammed his head into the side of a bus while he was in wrist restraints and dragged him by his neck to the side of a bus, causing him injuries to his eye and face. These allegations are sufficient to allege an arguable excessive force claim for purposes of screening review, so **Count 1** will be allowed to proceed as to Monroe.

Watts's second claim is that Monroe failed to provide him with medical care for the injuries he sustained during the attack (**Count 2**). To state a medical claim under the Eighth Amendment, a plaintiff must first show that his condition "was objectively serious," and must

then demonstrate that a defendant was deliberately indifferent to his serious medical condition. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). For screening purposes, Watts's claim passes the objective hurdle – he says that he suffered eye injuries and facial trauma from the attack, and these are the kind of injuries that a lay person could "recognize" as needing "a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). His claim also arguably passes the subjective hurdle – if an officer causes an inmate's serious injuries but fails to get him proper medical treatment, that failure can constitute deliberate indifference. *See Cooper v. Casey*, 97 F.3d 914, 916-17 (7th Cir. 1996) ("Beating a person in violation of the Constitution should impose on the assailant a duty of prompt attention to any medical need to which the beating might give rise . . . ."). Accordingly, **Count 2** may proceed as to Monroe.

One closing note is in order concerning a motion Watts submitted after he filed his original complaint: on July 28, 2015, Watts filed a motion for leave to file an amended complaint, seeking only to attach an affidavit to his original complaint. (Doc. 7.) While motions to amend a complaint in a piecemeal fashion are usually disfavored, Watts's motion only seeks to add an exhibit, and given the early stage of this case the motion will be granted. The clerk will be directed to add the affidavit attached to Watts's motion as an exhibit to his complaint.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** and **COUNT 2** shall **PROCEED** against **CORRECTIONS OFFICER MONROE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service of Process at Government Expense (Doc. 5) is **GRANTED**. Service will be ordered as indicated below.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **MONROE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and

(2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the form was sent, the Clerk shall take appropriate steps to effect formal service, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the Defendant (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the Defendant or his counsel. Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's pending Motion for Recruitment of Counsel (Doc. 5) is **REFERRED** to a United States Magistrate Judge for consideration.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 7) is **GRANTED**.  The **CLERK** is hereby **DIRECTED** to add the affidavit attached to Plaintiff's motion as an exhibit to Plaintiff's initial complaint.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 17, 2015**

<u>*s/J. Phil Gilbert*</u>
**Judge J. Phil Gilbert**
**United States District Judge**
