IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMARCO WATTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-0778-MJR-RJD |
| | ) |
| WESLEY MONROE, | ) |
| LT. MINH SCOTT, | ) |
| JASON COWELL, | ) |
| THOMAS DUVALL, | ) |
| DENNIS YOUNG, | ) |
| KIM RICHARDSON, | ) |
| T. HARMON, | ) |
| DR. DENNIS ELS, and | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

While confined at Pinckneyville Correctional Center, Damarco Watts filed suit in this Court under 42 U.S.C. 1983, alleging violations of his federally-secured constitutional rights – specifically excessive force and denial of medical care. Watts originally sued a single Defendant – corrections officer Monroe (or "C/O Monroe").[1] The case was assigned to the Honorable J. Phil Gilbert who, on threshold review of Watts' pro se complaint, allowed two claims to proceed against Monroe.

---

[1] Later pleadings (see, e.g., answer at Doc. 17, p. 1), "C/O Monroe" was more fully identified as Wesley Monroe. The Clerk's Office shall correct the docket sheet to reflect this name, and the parties shall use the corrected name in future filings.

Amended complaints followed, which added various defendants (see Doc. 31, 48). The first amended complaint added three John Doe defendants. The second amended complaint contained nine defendants (it appears that as part of that amendment, the John Does were replaced with named individuals). Defendants were served and answered or responded to the second amended complaint.

In March 2016, counsel was recruited and entered for Plaintiff Watts. The Magistrate Judge assigned to the case (Judge Frazier) retired, and the District Judge assigned to the case (Judge Gilbert) transferred the case off his docket. The case has been reassigned to the undersigned District Judge and Magistrate Judge Reona J. Daly.

Now before the Court is a January 6, 2017 "Stipulation of Dismissal" which seeks to dismiss without prejudice Plaintiff's claims against two defendants – Jason Cowell and Thomas Duvall (Doc. 96). The motion does not cite the rule under which dismissal is sought, but it reads as if premised on Federal Rule of Civil Procedure 41(a). Rule 41(a) authorizes voluntary dismissals under certain circumstances. For instance, subsection (a)(1)(A) permits dismissal without a court order by two methods: (i) the plaintiff files a notice of dismissal before the opposing party serves an answer or summary judgment motion; or (ii) the plaintiff files a stipulation of dismissal signed by all parties who have appeared.

However, the rule expressly addresses dismissal of "actions." In other words, Rule 41(a) is used to dismiss entire cases not certain parties or claims. In ***Taylor v. Brown*, 787 F.3d 851, 857-58 (7th Cir. 2015)**, the Court of Appeals for the Seventh Circuit held that Rule 41(a)(2) was not the appropriate procedural vehicle for a plaintiff (who,

at the invitation of the district court, had moved to voluntarily dismiss a single claim against a single defendant) to achieve dismissal of part of his case. Instead, the district court should have granted the plaintiff leave to file an amended complaint which dropped that claim. The Seventh Circuit explained, *id.*:

> Voluntary dismissal by court order under Rule 41(a)(2) allows the plaintiff to dismiss "an action" on "terms that the court considers proper." FED.R.CIV.P. 41(a)(2). Although some courts have held otherwise, we've said that Rule 41(a) "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case." *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001); *see also Nelson v. Napolitano*, 657 F.3d 586, 588 (7th Cir. 2011) (noting that "the purpose of Rule 41(a)(1) is to limit a plaintiff's ability to dismiss an action" (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397, … (1990))). *Berthold Types* and *Nelson* both concerned Rule 41(a)(1)(A), which allows for voluntarily dismissal *without* a court order, rather than 41(a)(2), but *both* provisions refer exclusively to "actions"—which, as *Berthold Types* said, means the entire case…. Rule 41(a) should be limited to dismissal of an entire action….
>
> Instead, the court should have offered Taylor the opportunity to amend his pleadings under Rule 15(a). Like Rule 41(a), Rule 15(a) allows a plaintiff to amend his complaint—including by adding or dropping parties and claims—as a matter of right in some situations and by court order in others, and "[t]he court should freely give leave when justice so requires." FED.R.CIV.P. 15(a)(2).

Voluntary dismissals and joint stipulations are encouraged but, given the holding in *Taylor*, the Court cannot find that the January 6, 2017 stipulation accomplished the desired end – voluntary dismissal of Plaintiff's claims against two of the nine defendants herein. Accordingly, the undersigned District Judge **GRANTS** Plaintiff leave to file a Third Amended Complaint, thereby dismissing his claims against Cowell and Duvall. The Third Amended Complaint shall be filed by **January 30, 2017.**

Of course, filing of the new complaint will render moot any motions directed against the current complaint, including the July 5, 2016 Rule 12(b)(6) motion (Doc. 60) and the September 28, 2016 *Pavey*-based motion (Doc. 87).  Once the new complaint is on file, those motions will need to be re-filed and re-briefed, which could affect the existing Scheduling Order (Doc. 21, as amended). The case currently has a March 9, 2017 discovery deadline, a March 30, 2017 dispositive motion deadline, and an October 2, 2017 jury trial date before the undersigned.  The final pretrial conference will be held by Judge Daly, who will set that date by separate notice, once the Third Amended Complaint has been filed.

For the parties' convenience, should they wish to consent to full disposition of the case by Judge Daly (who enjoys a more flexible trial schedule and more readily can accommodate requests for adjustments or extension of the discovery/trial schedule), the Clerk's Office shall provide to all counsel of record a copy of the consent form with this Order.  This is mentioned as an option only; no adverse consequences result from declining to consent.

IT IS SO ORDERED.

DATED: January 9, 2017.

*s/ Michael J. Reagan*
Michael J. Reagan
Chief Judge
United States District Court