IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMARCO WATTS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:15-cv-778-RJD |
| WESLEY MONROE, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Disclosure of Witness's Contact Information and Authorization of a Deposition (Doc. 164). For the reasons set forth below, the Motion is **DENIED**.

Plaintiff asks the Court to order Defendants to provide the contact information for a witness, Justin Quigley, so that he may take Mr. Quigley's deposition. Mr. Quigley was a former inmate in the custody of the Illinois Department of Corrections ("IDOC") and has been recently paroled. Plaintiff asserts that because of his July 11, 2018 release from Vienna Correctional Center, Mr. Quigley will no longer be produced at trial. Plaintiff asks that he be granted leave to take Mr. Quigley's deposition to ensure his testimony may be presented at trial. Defendants object, asserting that discovery in this matter has closed.

The Federal Rules of Civil Procedure do not distinguish between depositions taken in discovery and depositions taken for trial. Indeed, there is no provision in the Federal Rules concerning "trial depositions." As noted by the Court in *Anderson v. Procter & Gamble Paper Products Co.*, No. 11-C-61, 2013 WL 5651802, *2 (E.D. Wis. Oct. 15, 2013), "Rule 30, which

governs depositions by oral examination, appears in Title V of the Rules, entitled 'Disclosures and Discovery,' suggesting that depositions fall within discovery and are subject to discovery limitations." This Court agrees. The Court is inclined to adhere to the Federal Rules as written rather than wade into a largely undefined and undetermined area. Moreover, there does not appear to be any exceptional circumstances justifying the taking of a "trial" deposition in this case. While the Court is mindful of Mr. Quigley's recent parole, there is no indication that Plaintiff only recently discovered that Mr. Quigley was a witness to the incidents at issue or that Plaintiff did not have the opportunity to depose Mr. Quigley during the discovery period. For these reasons, Plaintiff's Motion (Doc. 164) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 27, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**