IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMARCO WATTS, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 3:15-cv-778-RJD |
| WESLEY MONROE, MINH SCOTT, and DENNIS YOUNG, | ) |
|     Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Before the Court are the motions in limine filed by Plaintiff and Defendants (Docs. 158 and 161). The Court has reviewed the motions and responses thereto, and sets forth its rulings as follows:

**Motions in Limine filed by Plaintiff Demarco Watts (Doc. 158)**

1. Motion in limine to have Plaintiff be unshackled and dressed in appropriate civilian clothing when before the jury.

Plaintiff asks to be unshackled and attired in civilian clothes while in the presence of the jury to minimize any prejudice his prison attire may cause. Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall be permitted to wear civilian clothing during the course of the trial. Security permitting, he will also be unhand-cuffed during the course of the trial and any leg shackles will be obstructed from the view of the jury.

2. Motion in limine to have Plaintiff's witnesses be unshackled and dress in appropriate civilian clothing when before the jury.

Plaintiff asks that his witnesses, Justin Quigley and Malcolm Benford, be unshackled and in civilian clothing to minimize any prejudice the prison attire may cause. Plaintiff posits that

having his witnesses appear in their prison uniform and shackled will create in the jury's mind a belief that they are criminals not to be trusted and who need to be shackled because they are dangerous. Insofar as it appears Justin Quigley is no longer incarcerated, Plaintiff's motion is **MOOT**. As it relates to Malcolm Benford, Plaintiff's motion is **DENIED**. As Mr. Benford will appear via video-conference, the Court will not require Mr. Benford to be present in civilian clothing and the Court will not interfere with IDOC's securing of Mr. Benford.

3. Motion in limine to bar reference to dismissed parties or claims.

Plaintiff asks that Defendants be barred from referencing any parties or claims that have been dismissed in this case as such evidence is not relevant and would only serve to confuse the jury and waste time. Defendants assert that they anticipate mentioning a previous party for purposes of telling their version of events or providing background information. Defendants also intend to call former defendants Tammy Harmon, Kimberly Richardson, and Dr. Dennis Els to discuss their interactions, observations, and treatment of Plaintiff relevant to this action. However, Defendants indicate they do not intend to elicit testimony regarding Plaintiff's voluntary dismissal of claims or parties. Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. Defendants shall be allowed to mention or discuss dismissed parties and elicit relevant testimony from the parties; however, Defendants shall be barred from mentioning that these parties were once defendants in this lawsuit.

### Motions in Limine filed by Defendants Monroe, Scott, and Young (Doc. 161)

1. Motion in limine to bar all testimony and exhibits related to Defendant Monroe's criminal background.

Defendants ask that all evidence relating to Defendant Monroe's criminal background be barred pursuant to Federal Rules of Evidence 609(a)(1) and 403. Defendants' Motion is

**GRANTED IN PART AND DENIED IN PART**.   Plaintiff intends to introduce evidence of two prior convictions.  First, Plaintiff seeks to introduce evidence of Monroe's conviction of Solicitation of a Sexual Act – Class A Misdemeanor.  Defendants assert that because Monroe ultimately pled guilty to a misdemeanor, this conviction falls outside the requirements for Rule 609(a)(1) and is inadmissible.   Plaintiff asserts that because Monroe lied about the circumstances surrounding his dismissal from the IDOC during his deposition, Rule 404 permits admission of evidence related to this crime.   Plaintiff argues that impeachment by contradiction of Defendant Monroe is extremely important and probative of his ability to tell the truth.   The Court disagrees. In this instance, evidence concerning Monroe's misdemeanor conviction is more prejudicial than probative and shall be barred pursuant to Federal Rule of Evidence 403.

Plaintiff also seeks to admit evidence related to Defendant Monroe's conviction for Unlawful Possession of a Controlled Substance under Rule 609.  Defendants contend such evidence should be barred because entry of judgment on his guilty plea for this Class 4 felony was deferred dependent upon successful completion of probation.  Plaintiff contends that Monroe's guilty plea constitutes a conviction and, as such, evidence of the conviction is admissible. Although there does not appear to be a Seventh Circuit case directly on point, there is precedent in this Circuit finding that a sentence of probation received according to 720 Ill. Comp. Stat. 570/410 constitutes a conviction.  *See United States v. Graham*, 315 F.3d 777, 783 (7th Cir. 2003). Accordingly, the Court finds that evidence of Monroe's conviction for Unlawful Possession of a Controlled Substance may be admitted.

2. Motion in limine to bar Plaintiff from offering evidence suggesting the State of Illinois may indemnify Defendants.

    Plaintiff has not objected to this motion.   Defendants' motion is **GRANTED**.   Plaintiff

shall be barred from suggesting that the State of Illinois will indemnify Defendants.

3. Motion in limine to bar Plaintiff from offering evidence of other lawsuits involving Defendants.

Defendants contend that such evidence is not relevant and, even if relevant, would confuse the issues. Plaintiff has not objected to this motion. Defendants' motion is **GRANTED**. Plaintiff shall be barred from offering evidence of other lawsuits involving Defendants.

4. Motion in limine to bar Plaintiff from offering evidence of any misconduct, reprimand, or grievance issued against Defendants, including grievances written by Plaintiff because they are hearsay.

Plaintiff has not objected to this motion. Defendants' motion is **GRANTED**. Plaintiff shall be barred from offering evidence of any misconduct, reprimand, or grievance issued against Defendants, including grievances written by Plaintiff.

**IT IS SO ORDERED.**

**DATED: August 3, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**