IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAMARCO WATTS,                           )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )          Case No.   15-778-RJD
                                         )
WESLEY MONROE, et al.,                   )
                                         )
            Defendants.                  )

**ORDER**

**DALY, Magistrate Judge:**

    Plaintiff Damarco Watts is an inmate in the Illinois Department of Corrections.  Watts filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.   His claims were tried before a jury in August 2018, and judgment was entered in favor of Defendants on August 7, 2018 (Doc. 190).

    Now pending before the Court is the Bill of Costs filed by Defendants (Doc. 192). Defendants seek to have Plaintiff pay $2,855.80 for deposition transcripts and fees used in defending the case.

    Plaintiff objects, citing his indigency, and asserting many of the costs for which Defendants seek reimbursement are improper.

    Federal Rule of Civil Procedure 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise.   Recoverable costs under 28 U.S.C. § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4)

fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.   28 U.S.C. § 1920(1)-(6).   "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise."   *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted if the losing party is indigent and has no ability to pay.   *Id.*   To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.'"   *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding."   *Id.* (internal quotations omitted).   Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs."   *Id.*

First, the Court considers whether the costs sought by Defendants are proper.   At the outset, the Court finds two clear errors in Defendants' submission of costs.   Defendants attempt to receive reimbursement for the deposition of Tammy Harmon twice, and such duplication is certainly not allowed (Doc. 192 at 10 and 15).   Defendants also included in their costs deposition fees associated with Michael Nelson, however, the invoice clearly indicates this deposition was unrelated to this action (Doc. 192 at 9).   Thus, the deposition fees related to Michael Nelson ($335.75) and the duplicative deposition fee for Tammy Harmon ($241) are not recoverable.

Plaintiff also complains that the invoices for depositions of Ferrari, Harmon, Courtright, Brown, Ahmed, Watts, Richardson, Young, Furlow, and Monroe provide no itemization of costs,

such as the hourly charge of the court reporter or pages in the requested transcript, and include only a single sum charge.   While the Court is not convinced that the court reporter's hourly rate is necessary, the Court agrees that the pages in the requested transcript must be included, as it provides the Court with important information to accurately assess the reasonableness of the fees sought to be recovered.   *See Glenayre Electronics, Inc. v. Jackson*, No. 02-C-0256, 2003 WL 21947112, *2 (Aug. 11, 2003 N.D. Ill).   Accordingly, the Court will not allow Defendants to recover deposition fees for those invoices that do not include any itemization of the fee, such as the number of pages for the deposition.   This results in a total deduction of $1595.05.   The remaining depositions reflect a reasonable fee of $3.25 per page, as compared to the maximum transcript rate of $3.65 set by the Judicial Conference.

Finally, with regard to the remaining invoices for the depositions of Deen, Brown, Hill, Lind, and Scott, Plaintiff asserts that the inclusion of delivery, handling, and "Barkley Access" fees are improper and not recoverable.   Plaintiff relies on *Glenayre*, in which the court discussed the Judicial Conference guidelines and found that costs associated with the delivery of transcripts are ordinary business expenses and are not taxable.   *Id.* at *2.   This Court agrees, per the Judicial Conference, fees associated with ordinary delivery are not chargeable.   Because Defendants have failed to explain why the delivery, handling, and "Barkley Access" fees associated with the deposition transcripts of Deen, Brown, Hill, and Scott are recoverable, the Court deducts these fees from Defendants' costs in the amount of $450.00.

Based on the foregoing, a total amount of $2621.80 must be deducted from Defendants' request for costs, resulting in total allowable costs of $234.00.   The Court, however, must also consider whether the denial of costs is warranted based on Plaintiff's indigency.   With regard to this point, Plaintiff remarks he is serving a 26-year sentence and does not have the ability to pay

Defendants' costs now or in the future.  In support of this point, Plaintiff points to the Court's order allowing him to proceed in this action *in forma pauperis*.  While the Court recognizes Plaintiff's *pauper* status, he is charged with providing sufficient documentation that he is "incapable of paying" court imposed costs.  He has not provided such documentation and proceeding *in forma pauperis* is not sufficient, standing alone, to warrant a denial of costs.

Accordingly, the Court **SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's objection to Defendants' costs.  The Court **ORDERS** an award of costs in the total amount of $234.00 to Defendants.

**IT IS SO ORDERED.**

**DATED: April 15, 2020**

*s/* *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**